**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| VERONICA MARTINEZ, | § | |
| Plaintiff | § | |
| V. | § | |
| | § | |
| CAROLYN W. COLVIN, | § | 1-14-CV-00594-ML |
| Acting Commissioner of | § | |
| Social Security, | § | |
| Defendant | § | |

**ORDER AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY**

This is an appeal from a denial of social security disability benefits. On June 25, 2014, and September 15, 2014, Plaintiff and Defendant filed their respective consents to have a United States Magistrate Judge conduct any and all proceedings in the case and order the entry of a final judgment. [Dkt. #3], [Dkt. #14]; *see also* 28 U.S.C. § 636(c) and Appendix "C" to the Local Court Rules, Local Rules for the Assignment of Duties to United States Magistrate Judges, Rule 1(i). Accordingly, this case was reassigned to United States Magistrate Judge Mark Lane for all purposes on August 12, 2015, by United States District Judge Sam Sparks. [Dkt. # 21]. Before the Court are Plaintiff's Brief in Support of Claim [Dkt. #19], Defendant's Brief in Support of the Commissioner's Decision [Dkt. #120], and the Social Security record filed in this case, which will be cited as Tr. ### (e.g., Tr. 127). Having considered the briefing, the record below, and the case file as a whole, the Court now enters the following Opinion and Order.

## I.    BACKGROUND

On September 27, 2011, Plaintiff Veronica Martinez protectively filed applications for disability benefits (DIB) and supplemental security income (SSI), alleging disability beginning on that date. Tr. 52-53, 120-21, 127-33, 144. Martinez claimed disability resulting from a

combination of arthritis, bilateral knee replacements, diabetes, and thyroid issues.  Tr. 56. Her initial application was denied on January 23, 2012, Tr. 52-63, and then again denied upon reconsideration on February 16, 2012.  Tr. 67-71.  Martinez requested a hearing, Tr. 72, which was held on January 20, 2013 before Administrative Law Judge (ALJ) David R. Wurm.  Tr. 31-51.  Martinez and her counsel appeared in person, and a vocational expert (VE), Terry Vander-Molen, gave testimony via telephone.  Tr. 33.  An interpreter was provided to translate for Martinez at the hearing.  *Id.*

The ALJ issued a decision on March 8, 2013, evaluating Plaintiff's claims under the standard five-step evaluation process set out in 20 C.F.R. § 404.1520 and explained in Section II.A, below.  Tr. 20-26.  At step one, the ALJ found that Martinez has not engaged in substantial gainful employment since the alleged onset date of her disability, September 27, 2011.  Tr. 22.  At step two, the ALJ determined Martinez's obesity, hypothyroidism, diabetes mellitus, and degenerative joint disease of the knees constituted severe impairments.  *Id.*  At step three, the ALJ concluded Martinez's impairments, considered singly or in combination, did not meet or exceed an impairment listed in Appendix 1 of the Social Security regulations for purposes of presumptive disability.  Tr. 23.

The ALJ next assessed Martinez's residual functional capacity (RFC) based on "careful consideration of the entire record," and found she retained the ability to perform light work and could occasionally crouch, kneel, crawl, and climb ramps and stairs, but could never climb ropes, ladders, or scaffolds.  Tr. 24.  In making this finding, the ALJ specifically considered and compared Martinez's hearing testimony; her medical records, including records pertaining to her knee replacement surgeries;  her vocational records, including the notice of termination from her last job on June 3, 2011; evidence of obesity, including Plaintiff's BMI range during the claimed

disability period; and opinion evidence from state agency non-examining physicians, who reviewed Martinez's medical records in the course of the original disability decision and reconsideration process.  Tr. 24-26.

At step four of the sequential analysis, the ALJ consulted a VE and determined, based on the VE's expert testimony, that an individual with Martinez's RFC could perform Martinez's past relevant work, as an assembler of foam boxes, as that job ("fabricator, foam") is generally performed in the national economy.  Tr. 26.  The ALJ therefore found Martinez not disabled for purposes of the Act.  *Id.*  Because this determination was made at step four, the ALJ did not continue to step five of the evaluation process.  *See id.*

Plaintiff filed suit in the District Court for the Western District of Texas on June 25, 2014.  Compl. [Dkt. #1].  In her Brief, [Dkt.#19], filed January 13, 2015, Plaintiff alleges the following points of error:

> 1) "When determining Plaintiff's RFC, the ALJ failed to include all limitations relating to Plaintiff's bilateral knee impairment and obesity."  Pf's Br. [Dkt. #19], at 3.
>
> 2) "The ALJ erred by failing to properly accommodate Plaintiff's limitations by limiting Plaintiff's stand and/or walk capacity."  *Id.*at 6.
>
> 3) "If the ALJ had properly accommodated Plaintiff's knee impairments and obesity and limited Plaintiff's ability to stand and/or walk for extended periods of time, it is likely the ALJ would have found Plaintiff unable to perform her past relevant work and proceeded to step five of the sequential evaluation process.  At step five, Plaintiff would have been found disabled [as a matter of law] pursuant to Medical Vocational Guidelines ("grids") rule 202.09 or 201.09."  *Id.* at 7, n.1 (citing 20 C.F.R. 404, Subpt. P, App. 2, Listing 202.09 and 201.09).

The Commissioner responded with a Brief on February 27, 2015, asserting:

> 1) the ALJ properly gave more weight to the medical evidence and the testimony of the reviewing medical consultants than to Plaintiff's testimony regarding her

limitations in determining Martinez's RFC, and therefore the RFC determination is supported by substantial evidence.  Df's Br. [Dkt. #20] at 4-7 (citing *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995)).

2) Martinez's testimony that she could not manage the time on her feet required by her last place of employment does not meet her burden to establish she cannot perform her past relevant work of "assembler" as this job is "generally performed" in the national economy.  Df's Br. [Dkt. #20] at 8-9 (citing *Leggett*, 67 F.3d at 564).

3) Because the ALJ correctly found Plaintiff not disabled at step four of the sequential evaluation process, the ALJ was not required to consider whether Plaintiff was disabled under the grid rules and therefore committed no error by failing to consider the effect of Rule 202.09 or 201.09.  Df's Br. [Dkt. #20] at 10 (citing *Wren v. Sullivan*, 925 F.2d 123, 129 (5th Cir. 1991).

No reply brief was filed.  Having reviewed the ALJ's decision, the hearing transcript, and all the other evidence of record, the Court finds the Commissioner's denial of benefits must be affirmed for the reasons outlined in detail below.

## II.      STANDARD OF REVIEW

Judicial review of the ALJ's decision is limited by statute. 42 U.S.C § 405(g). Specifically, this Court reviews: (1) whether the ALJ's decision was supported by substantial evidence; and (2) if so, whether the ALJ made any errors of law in evaluating the evidence. *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citing *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)). Procedurally, the administrative process need not have been perfect, and this Court will not vacate a judgment unless a procedural defect has affected the substantial rights of a party. *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012) (citing *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988)).  Procedural errors are therefore subject to "harmless error" review.  *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007) (citing *Morris v. Bowen*, 864 F.2d 333, 334 (5th Cir. 1988) (procedural errors are a basis for remand only if they "would cast into doubt the existence of substantial evidence to support the ALJ's decision.")).

Substantial evidence is defined as "relevant evidence that a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Copeland*, 771 F.3d at 923 (citing *Perez*, 415 F.3d at 461). It is more than a scintilla, but less than a preponderance. *Richardson*, 402 U.S. at 401. In making these determinations, the Court can neither reweigh the evidence nor substitute its judgment for that of the ALJ, *id.*, and yet "'it is imperative that [the Court] scrutinize the record in its entirety to determine the reasonableness of the decision reached by the Social Security Administration and whether substantial evidence exists to support it.'" *Murray v. Astrue*, 419 Fed. App'x. 539, 541 (5th Cir. 2011) (quoting *Randall v. Sullivan*, 956 F.2d 105, 109 (5th Cir. 1992)).   The Court "may affirm only on the grounds the Commissioner stated for his decision." *Copeland*, 771 F.3d at 920 (citing *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) (per curiam)).

A.      **The Five-Step Review Process**

In order to qualify for benefits, a claimant must suffer from a disability as defined by the statute.  42 U.S.C. § 423(d)(1)(A).  The Social Security Act defines a disability as a "medically determinable physical or mental impairment lasting at least twelve months that prevents the claimant from engaging in substantial gainful activity."   *Id.* The Commissioner follows a five-step process in analyzing whether a claimant is disabled within the meaning of the Social Security Act.  20 C.F.R. § 404.1520; *see also Copeland*, 771 F.3d at 923.  The analysis is summarized as follows:

*1. Is the claimant engaged in substantial gainful activity?*

A claimant who is working is not disabled regardless of the medical findings.  20 C.F.R § 1520(a)(4)(i); *see also* 20 C.F.R. § 404.1510.

***2. Is the claimed impairment "severe"?***   A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.   20 C.F.R § 1520(a)(4)(ii); *see also* 20 C.F.R. §§ 404.1508; 404.1509; 404.1521.

***3. Does the impairment equal or exceed the severity of an Appendix 1 impairment?***   The hearing officer must then determine if the impairment equals or exceeds in severity certain impairments listed in Appendix 1 of the regulations.  20 C.F.R. Part 404, Subpt. P, App. 1.  This determination is made using only medical evidence.   20 C.F.R § 1520(a)(4)(iii); *see also* 20 C.F.R. § 404.1511.  If the claimant has a medical impairment that meets or exceeds a "listed impairment," the claimant is considered disabled as a matter of law.  20 C.F.R. § 404.1520(d).

***4. Does the claimant possess the residual functional capacity to perform his past work?***   If the claimant has a severe disability that nevertheless does not meet or medically equal a listed impairment, the hearing officer must determine whether the claimant can perform his past work despite any limitations.  20 C.F.R § 1520(a)(4)(iv).  This assessment is based on reports from treating physicians and medical consultants about the claimant's ability to sit, stand, walk, lift, carry, and perform other work-related activities.  20 C.F.R. §§ 404.1513(b)(6), 404.1513(c)(1).

***5. Can the claimant perform other gainful and substantial work in the economy?***   If the claimant does not have the residual functional capacity

to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. 20 C.F.R § 1520(a)(4)(v). This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity. *Id.*

The claimant has the burden of proof for the first four steps. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). At step five, the burden initially shifts to the Commissioner to identify other work the applicant is capable of performing. *Bowling v. Shalala*, 36 F.3d 431, 435 (5th Cir. 1994). If the Commissioner "fulfills his burden of pointing out potential alternative employment, 'the burden then shifts back to the claimant to prove that he is unable to perform the alternate work.'" *Selders*, 914 F.2d at 618 (citing *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987)). If there is a finding at any step that the claimant is or is not disabled, the ALJ need not continue the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett*, 67 F.3d at 564).

### B.   Application of SSR Opinions and "Grid Rules"

The Social Security Administration has developed additional tools to guide ALJs in the disability analysis. General policy statements and guidance are published in Social Security Rulings (SSRs), which are first published in the Federal Register and are electronically accessible on the Social Security Administration's website, http://ssa.gov/OP_Home/rulings/rulings-pref.html. Although SSRs do not have the force and effect of law or regulations, they are binding on all components of the Social Security Administration and are to be relied upon by ALJs as precedents in adjudicating other cases. 20 C.F.R. § 402.35(b)(1). "The Fifth Circuit has frequently relied upon the rulings in evaluating ALJs' decisions." *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001) (collecting cases).

SSR 96-8p explains the ALJ's responsibility to determine a claimant's residual functional capacity ("RFC").  Before moving to step four of the sequential analysis described above, the ALJ must assess the claimant's RFC, which is "the most an individual can still do despite his limitations."  SSR 96-8p; *see also* 20 C.F.R. § 404.1545.  In making this determination, the ALJ must consider all the record evidence, *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995).  The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. SSR 96-8p; *see* also 20 C.F.R. §§ 404.1529, 404.1545. The relative weight to be given the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001).

If the individual's RFC is such that he or she is unable to perform any past relevant work, the burden shifts to the Commissioner to show that the claimant can engage in work that exists in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(v).  "To increase the consistency and promote the uniformity with which disability determinations are made at this step at all levels of adjudication, . . . Appendix 2 was provided to establish specific numbered table rules for use in medical-vocational evaluation."  SSR 83-10.  Appendix 2, commonly known as "The Grid," comes into play only if the claimant meets his or her burden at step four of the evaluation process to establish the inability to perform any past relevant work.  *Harper v. Sullivan*, 887 F.2d 92, 97 (5th Cir. 1989); *Acero v. Colvin*, NO. EP-12-CV-502-RFC, 2015 U.S. Dist. LEXIS 55183, *15-16 (W.D. Tex. Apr. 27, 2015).  If a finding of "not disabled" is directed at step four because the claimant can perform past relevant work, then it is not necessary to proceed to step five of the sequential evaluation, and the Grid rules have no role in the ALJ's determination.  *Harper*, 887 F.2d at 97; 20 C.F.R. § 416.920(f).

III.     ANALYSIS

    **A.  The ALJ Correctly Evaluated Plaintiff's RFC**

    It is the ALJ's responsibility to evaluate the credibility and weight of the evidence. *Wilson v. Barnhart*, 210 F. App'x 448, 451 (5th Cir. 2006). An ALJ's determination regarding the credibility of a witness is entitled to great deference. *Newton v. Apfel*, 209 F.3d 448, 459 (5th Cir. 2000). "The ALJ 'is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly.'" *Ramirez v. Colvin*, 606 F. App'x 775 (5th Cir. 2015) (quoting *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985)).

    In this case, the ALJ specifically acknowledged Martinez's testimony that she cannot stand very long because her feet swell, causing her to need to lie down, and she sometimes has tingling in her feet.  Tr. 24.  The ALJ further noted Martinez's testimony that she could not stand more than 30 minutes or walk more than a block because of right knee pain and swelling.  Tr. 25. The ALJ properly compared this testimony to the medical records in the case, including records of Martinez's bilateral total knee replacements in January of 2011. *Id.*  The medical records regarding Martinez's knee replacement surgery indicate good results, including a release to work in March of 2011.  *Id.* An x-ray of Martinez's right knee was negative, and an examination indicated she has full range of motion in the spine, both hands, and both knees.  *Id.*  Further, Martinez self-reported as late as November, 2011—well after her claimed onset of disability— that her activities of daily life included walking three times per week for an hour, cooking complete meals three times per day, doing laundry once a week, and shopping in stores every two weeks.  *Id.*  The ALJ properly found that the medical records and Plaintiff's self-reported daily activities were not consistent with her claimed restrictions on walking and standing.  *Id.*

"Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (internal citation omitted).

      With regard to Martinez's argument that her obesity was a factor that should have informed her RFC, the ALJ specifically "considered obesity as an impairment in accordance with SSR 02-1p." Tr. 25. The ALJ found Martinez was "on the borderline between overweight and obese," and that "[t]he evidence does not indicate that her obesity would diminish her residual functional capacity more than already assessed due to her other conditions." Tr. 25. Martinez does not point to any evidence in the record that would undermine the ALJ's assessment; instead, she argues that "[a]n individual with Plaintiff's BMI has a ***high risk*** of developing obesity related impairments." Br. [Dkt. #19] at 6 (emphasis added). As there was no evidence of any ***actual*** additional impairment due to obesity before the ALJ, however, he properly declined to limit her RFC on this basis. *See* SSR 02-1p ("[W]e will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. We will evaluate each case based on the information in the case record.").

      The ALJ properly considered all of the record evidence, including Plaintiff's testimony, her medical records, and the opinions of consulting experts, in reaching his determination that Plaintiff retained the RFC for light work. Therefore, Martinez's challenge to the ALJ's determination of her RFC is without merit. *See Harper*, 887 F.2d at 97 ("Well supported by medical evidence, we may not disturb this finding.").

      **B.**     **Plaintiff Did Not Establish An Inability to Perform Her Past Relevant Work**

      "Plaintiff testified that her past work required her to stand the entire time and that she was fired from her past work because she was not able to do what she did before." Pf's Br. [Dkt.

#19] at 5.  The ALJ, however, noted that Plaintiff's termination notice "clearly states that her job loss resulted from business reorganization decisions and not from a decision about claimant's job performance."  Tr. 26 (citing Tr. 143).  The ALJ and Plaintiff's attorney both questioned the VE about whether Plaintiff could do her past relevant work "as she performed it" within the "light RFC" category.  Tr. 45, 47.  The VE clearly testified: "A person who could—who would be limited to standing and walking up to six hours would be able to perform light work as defined by the DOT. . ..  And if she was only able to stand and walk up to six hours, she would not be able to perform that job that she performed in the past."  Tr. 46-47.  The VE also testified, however, that "The specific assembly work that she did, the—with the foam and the fabricating, it is classified as light and unskilled" by the DOT.  Tr. 49.  The VE agreed Martinez could "clearly do [this work] as it's—at least as it's defined by the DOT."  *Id.*

Fifth Circuit law is clear that "[t]he mere inability of a claimant to perform certain 'requirements of his past job does not mean that he is unable to perform 'past relevant work' as that phrase is used in the regulations.'"  *Leggett*, 67 F.3d at 564 (citing *Jones v. Bowen*, 829 F.2d 524, 527 n. 2 (5th Cir. 1987) (per curiam)).  The Commissioner may also consider the description of the claimant's past work as such work is generally performed in the national economy.  *Leggett*, 67 F.3d at 564-65 (citing *Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).  Plaintiff has not presented evidence to rebut the VE's unequivocal testimony that Martinez could, in fact, perform her past work as defined by the DOT.  *See* Tr. 49.  The ALJ's determination that Plaintiff is not disabled at step four of the sequential evaluation process is therefore supported by substantial evidence.  *Leggett*, 67 F.3d at 564-65; *Villa*, 895 F.2d at 1022.

### C.    The Grid Rules Are Inapplicable to Plaintiff

Plaintiff contends that, had the ALJ properly applied step five of the sequential evaluation

process to her claim, she would have "gridded out" as disabled pursuant to Grid rule 202.09 or 201.09. *See* Pf.'s Br. at 7, n.1 (citing 20 C.F.R. 404, Subpt. P, App. 2, Listing 202.09 and 201.09). But step five of the sequential evaluation process does not apply to Martinez. *Leggett*, 67 F.3d at 565, n.11. The step five analysis "is only appropriate in situations where the Commissioner finds that . . . the claimant cannot return to any past relevant work." *Id.* "In the instant case, however, [Martinez] is cabable of being a [foam assembler], even though [s]he is limited in the type of [foam assembler] positions [s]he can take." *Id.*

At step four of the sequential analysis, the burden remains on the Plaintiff, not on the Commissioner; Plaintiff must establish she cannot do her past relevant work as it is generally performed. *Id.* The Commissioner has no duty to establish the number of jobs consistent with Plaintiff's past relevant work and current limitations in the regional or national economy. *Id.* at 565, n.13 (citing 20 C.F.R. § 404.1560(b); 20 C.F.R. § 404.1560(c)). Plaintiff's ability to perform her past relevant work is based on her RFC and past vocational history, not on the Grid rules. *Leggett*, 67 F.3d at 565, n.11. The ALJ is not required to use the Medical-Vocational Guidelines (the "Grids") to make a disability determination at step four of the sequential evaluation process. *Id.*; *see also Harper*, 887 F.2d at 97.

As noted above, Plaintiff has not pointed to any medical or other evidence that contradicts the ALJ's finding she is capable of the standing and walking necessary to perform light work. Likewise, Plaintiff has not pointed to any evidence that would undermine the ALJ's reliance on the testimony of the VE that she can perform the job of foam assembler as it is generally performed in the national economy. In reaching this determination, the ALJ expressly described Plaintiff's testimony concerning her past work and her present symptoms, and compared that testimony to the medical records and expert opinion testimony in the record. Tr.

24-26.  The ALJ's determination is supported by substantial evidence and will not be disturbed on review by this Court.  *Leggett*, 67 F.3d. at 565.

## IV.  CONCLUSION

Plaintiff contends the ALJ failed to consider her limitations due to knee problems and obesity in his RFC finding, improperly found her capable of performing her past relevant work, and should have found her disabled based on the Grid rules at step five of his evaluation. Pf's Br. [Dkt. #19] at 3, 6-7, n.1.  The record reflects, however, that the ALJ specifically took account of Plaintiff's joint degeneration and obesity and made a reasoned credibility finding regarding Plaintiff's self-reported limitations as compared to her medical records.  Tr. 24-26.  Therefore, the ALJ's RFC determination is supported by substantial evidence.  *Brown*, 192 F.3d at 496. Similarly, the ALJ's finding that Plaintiff had the ability to perform her past relevant work as it is generally performed in the economy is supported by the uncontested expert opinion testimony of the VE, whom Plaintiff had the opportunity to cross examine at the hearing.  Tr. 26, 44-49. Therefore, the ALJ's decision that Plaintiff is not disabled within the meaning of the Act is supported by substantial evidence.  *Leggett*, 67 F.3d. at 565.  Finally, because the ALJ found Plaintiff "not disabled" at step four of the sequential evaluation, there was no error in the ALJ's failure to apply the grid rules to Plaintiff's medical-vocational analysis.  *Harper*, 887 F.2d at 97.

Therefore,

IT IS ORDERED that the Commissioner's denial of benefits is AFFIRMED.

IT IS FURTHER ORDERED that Plaintiff's Complaint is DISMISSED with prejudice.

Signed August 14, 2015.

_____
United States Magistrate Judge
Mark Lane

13